BARBARA MILANO KEENAN, Circuit Judge,
dissenting:
I disagree with the majority’s harmless error analysis and would affirm the district court’s judgment.* Therefore, I respectfully dissent.
Initially, I would employ the more strict standard for harmless error review established in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In my view, Ferguson’s due process right to a fair revocation hearing has been violated and requires that this Court evaluate whether the district court’s error was harmless beyond a reasonable doubt. See id. at 24, 87 S.Ct. 824. I reach this conclu *622 sion notwithstanding the fact that a releas-ee’s rights in a revocation proceeding are not as great as the rights of a defendant facing criminal prosecution. See Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
In United States v. Doswell, we explained that the Supreme Court has held that a “person facing revocation of release possesses a due process ‘right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).’ ” 670 F.3d 526, 530 (4th Cir.2012) (quoting Morrissey, 408 U.S. at 489, 92 S.Ct. 2593). Indeed, the majority recognizes that the district court’s error in the present case “implicated one of Mr. Ferguson’s core procedural rights” relating to the constitutional right to confrontation, and that the error was “more substantive than the type of technical or nominal error that originally motivated the harmless error standard.” Supra at 619. Because the error at issue violated Ferguson’s due process right to a fair revocation hearing, I think that the lesser standard of harmless error set forth in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), is inadequate to evaluate the error’s impact.
Nevertheless, applying the Chapman standard, I would conclude that the district court’s error in the present case was harmless beyond a reasonable doubt. The evidence was overwhelming that Ferguson violated the terms of his supervised release by possessing marijuana with the intent to distribute. The district court credited the arresting officer’s testimony that he smelled marijuana in Ferguson’s vehicle, and that a search of the vehicle resulted in the discovery of what the officer concluded was marijuana, “packaged and quantified in a fashion consistent with an intent to distribute.” The arresting officer further testified that Ferguson admitted that he sold marijuana. Based on this record, which is particularly strong given Ferguson’s statement to the arresting officer, I would hold that it is clear beyond a reasonable doubt that the court’s erroneous admission of the laboratory report did not affect the judgment rendered in this case. See Chapman, 386 U.S. at 24, 87 S.Ct. 824.
Finally, I note my strong agre'ement with Judge Davis’ remarks in his concurring opinion cautioning prosecutors to follow carefully our opinion in Doswell. My view in this case that the district court’s error was harmless does not affect my concern that the government must act diligently to ensure that revocation proceedings be conducted fairly in accordance with the plain requirements of Federal Rule of Criminal Procedure 32.1(b)(2)(C).

 With regard to Ferguson’s other arguments raised on appeal, I would conclude that the district court did not err in determining that the “field test” conducted on Ferguson on April 12, 2013 was reliable. I would also conclude that the district court's imposition of a 42-month sentence was reasonable.